

# NUMBER 13-11-00609-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GILBERTO VALLE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator Gilberto Valle, pro se, has filed a petition for writ of mandamus alleging that an unauthorized visiting judge, Benjamin Martinez, presided at his trial for the offense of murder. Valle claims that because this is a violation of the Texas Constitution and Texas Government Code, his conviction is void.

A jury found Valle guilty of the offense of murder and sentenced him to forty years in the Texas Department of Criminal Justice. Valle appealed his conviction to this Court. On June 24, 1999, we issued an opinion affirming the judgment, and the Texas

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Court of Criminal Appeals refused Valle's petition. See *Valle v. State*, 13-97-00359-CR, 1999 Tex. App. LEXIS 4761, at *8 (Tex. App.—Corpus Christi June 24, 1999, pet. ref'd). Our mandate issued on August 5, 2003. The trial court's judgment of conviction is final.

We have no authority to order a district court judge to vacate and void a sentence in a felony case in which the judgment is final. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). This is because the Texas Court of Criminal Appeals has jurisdiction over matters related to final felony convictions. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *see id.* at art. 11.07, § 5 (providing for the filing of subsequent applications for writ of habeas corpus with the court of criminal appeals); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Therefore, we dismiss the petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the 5th
day of October, 2011.